IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

(Charlottesville Division)

| | |
|---|---|
| _____ ) | |
| TIMOTHY KENNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civ. No: 3:17CV00053 |
| PALMER-STUART OIL COMPANY, INC., ) | |
| ) | |
| d/b/a Preston Avenue Shell, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## **COMPLAINT**

## **PRELIMINARY STATEMENT**

1.      Plaintiff TIMOTHY KENNEY sues his employer, PALMER-STUART OIL COMPANY, INC., for failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and for breach of contract under Virginia law.

2.      Plaintiff worked as an employee of Defendant from approximately September 21, 2015, to May 29, 2016.

3.      Plaintiff routinely worked more than forty hours per week.  Defendant failed to pay Plaintiff any overtime during the course of Plaintiff's employment.

4.      Defendant failed to pay Plaintiff for every hour worked under forty in each workweek.

**JURISDICTION AND VENUE**

5.      This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*  Jurisdiction over Plaintiff's FLSA claims lies in this court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).  This court may exercise supplemental jurisdiction over Plaintiff' state law claim pursuant to 28 U.S.C. § 1367(a), as it forms part of the same case or controversy.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)-(c), as Defendant Palmer-Stuart Oil's principal place of business is in this District.

**PARTIES**

7.      Plaintiff Timothy Kenney is an adult resident of Albemarle County, Virginia.  He worked for the Defendant at Preston Avenue Shell, a restaurant, gas, and service station in Charlottesville, Virginia.

8.      Defendant Palmer-Stuart Oil is a Virginia corporation with its principal place of business in Charlottesville, Virginia.  Palmer-Stuart Oil operates Preston Avenue Shell.

**FACTS**

9.      Preston Avenue Shell is a restaurant, gas, and service station in Charlottesville, Virginia. At all times, Defendant was the corporate entity that owned and operated Preston Avenue Shell.

10.      Upon information and belief, the gross annual business volume of Defendant exceeded $500,000 at all times relevant to this action.

11.      Upon information and belief, Defendant has two or more employees who handle, sell, or otherwise perform work on goods or materials that have been moved in or produced for commerce.

12.     Mr. Kenney worked as an employee of Defendant from December 2013 to December 2014, and again from approximately September 21, 2015, to May 29, 2016.

13.     Mr. Kenney worked at the back end of the restaurant, preparing the kitchen, cooking food, and washing pots and pans.

14.     During Mr. Kenney's first employment period at Preston Avenue Shell from 2013 to 2014, Mr. Kenney signed an agreement stating he would be paid $10 per hour, for 8 hours a day.

15.     When Mr. Kenney was rehired in September of 2015, Defendant orally agreed to pay Mr. Kenney $10.00 an hour.

16.     At the same time that Defendant promised to pay Mr. Kenney $10.00 per hour, Defendant also explained that Mr. Kenney would work 8.5 hour days with no break, because Defendant had no other employee to cover Mr. Kenney's post.

17.     From September 2015 to May 2016, Mr. Kenney generally worked five days per week from approximately 5:30 AM until 2:00 PM with no breaks.

18.     When Mr. Kenney began examining his paystubs, he discovered he was only being paid for 7.5 hours each day.

19.     Mr. Kenney informed his supervisor on three separate occasions about his unpaid wages.

20.     Defendant maintained that he had not underpaid Mr. Kenney; however, when Mr. Kenney asked Defendant to produce Mr. Kenney's time cards, Defendant refused.

21.     Mr. Kenney did not keep contemporaneous records of his hours worked, but upon information and belief, Defendant is still in possession of Mr. Kenney's time cards. Upon belief, the timecards do not reflect all hours Mr. Kenney worked.

22.     Mr. Kenney's paystubs never reflected the full hours of work he performed.

23.     Mr. Kenney regularly worked more than forty hours per week and was regularly not paid for those hours worked in excess of forty.

## CAUSES OF ACTION:

### Count I: Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

24.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 23 above.

25.     Mr. Kenney has consented to be the party plaintiff to this action under the FLSA pursuant to 29 U.S.C. § 216(b) and his Consent are attached to this Complaint as "Exhibit A."

26.     At all times relevant to this action:

a.     Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e)(1);

b.     Defendant was the employer of Plaintiff within the meaning of 29 U.S.C. § 203(d);

c.     Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g); and

d.     Plaintiff was engaged in commerce or the production of goods for commerce, and/or was employed by Defendant in an enterprise engaged in commerce or the production of goods for commerce.

27.     By failing to pay Plaintiff his lawful time-and-a-half overtime premium, as set forth above, Defendant violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 207, to Plaintiff's injury, and is liable to him in damages.

## Count II: Breach of Contract Under Virginia Common Law

28.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 27 above.

29.    By its actions as set forth above, specifically by failing to pay Plaintiff the agreed-upon hourly wage for all hours worked, Defendant breached its contract with Plaintiff, to his injury, and is liable to him in damages.

## Requested Relief

Wherefore, Plaintiff Timothy Kenney respectfully requests that this court provide the following relief:

30.    Under Count I, award Plaintiff his actual damages under the FLSA in the amount of all unpaid overtime, in an amount appropriate to the proof at trial against Defendant;

31.    Under Count I, award Plaintiff an additional equal amount as liquidated damages against Defendant pursuant to 29 U.S.C. § 216(b);

32.    Under Count I, award Plaintiff his costs and reasonable attorney's fees, as appropriate under the Fair Labor Standards Act, 29 U.S.C. § 216(b);

33.    Under Count II, award Plaintiff his unpaid promised wages, in an amount appropriate to the proof at trial, against Defendant, plus statutorily authorized interest payments, to the extent that such relief would not reduce the amount otherwise owed to Plaintiff; and

34.     Provide such other and further relief as this court deems necessary and proper.

**Trial by Jury is demanded.**

Respectfully submitted this 28th day of July, 2017,

Timothy Kenney,

5

By Counsel


 s/ Mary Frances Charlton
Mary Frances Charlton, VSB# 85387
LEGAL AID JUSTICE CENTER
1000 Preston Avenue, Suite A
Charlottesville, VA 22903
Tel: (434) 977-0553
Fax: (434) 977-0558
Email: maryc@justice4all.org

s/ Rachel C. McFarland
Rachel C. McFarland, VSB # 89391
LEGAL AID JUSTICE CENTER
1000 Preston Avenue, Suite A
Charlottesville, VA 22903
Tel: (434) 977-0553
Fax: (434) 977-0558
Email: RMcFarland@justice4all.org


ATTORNEYS FOR PLAINTIFF

6