

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 13 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TIMOTHY KENNEY, | Civil Action No. 3:17CV00053 |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| v. | |
| | By: Hon. Glen E. Conrad |
| PALMER-STUART OIL COMPANY, | United States District Judge |
| INC. d/b/a PRESTON AVENUE SHELL, | |
| Defendant. | |

Plaintiff Timothy Kenney filed this action against defendant Palmer-Stuart Oil Company, Inc., alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and breach of contract. The Clerk has entered default, and this matter is currently before the court on plaintiff's motion for default judgment. Defendant has not responded to the motion. For the reasons set forth below, the motion will be granted.

## Background

Since the defendant is in default, the facts underlying this litigation are uncontested. The defendant, a restaurant, gas, and service station in Charlottesville, Virginia, employed the plaintiff in the restaurant's kitchen from December 2013 to December 2014 and September 21, 2015 to May 29, 2016. During the first period of employment, the plaintiff signed an agreement establishing his pay at $10.00 per hour for eight hours a day. During the second period of employment, the defendant orally agreed to pay the plaintiff $10.00 per hour and required the plaintiff to work eight-and-a-half hours per day without any breaks.

According to the plaintiff, however, the defendant routinely reduced the plaintiff's total

hours of work by an average of five hours per week for an average of seven-and-a-half hours per day. The plaintiff asserts that he notified the defendant's management about the unpaid wages, but the defendant denied that it had underpaid the plaintiff and refused to produce the plaintiff's time cards.

On July 28, 2017, the plaintiff filed the instant action alleging two counts against the defendant: (1) that the defendant failed to pay plaintiff overtime wages, in violation of the FLSA ("Count I"), and (2) that the defendant had breached the parties' contract to pay the plaintiff the agreed-upon hourly wage for all hours worked ("Count II"). On September 1, 2017, the Clerk made an entry of default against the defendant. The plaintiff now moves for default judgment.

## **Standard of Review**

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for obtaining a default judgment. When a defendant fails to plead or otherwise defend an action, the Clerk has the authority to enter a default. See Fed. R. Civ. P. 55(a). After the Clerk's entry of default, a party may move for default judgment. Fed. R. Civ. P. 55(b).

In reviewing the motion, the court may view all well-pleaded facts alleged in the complaint as true for purposes of liability. See Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); see also Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact.") (internal citation omitted)). Accordingly, in the default judgment context, "the appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 187 F.3d 628 (4th Cir. Aug. 10, 1999) (unpublished table opinion).

If the facts alleged in the complaint establish liability, the court must then determine the appropriate amount of damages. Ryan, 253 F.3d at 780-81. In so doing, the court may conduct an evidentiary hearing under Rule 55(b)(2). The court may also decide the amount of damages without a hearing if the record contains sufficient evidence. See Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 507 (4th Cir. 1998) (noting that "in some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing"); Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co., 919 F. Supp. 2d 680, 684 (D. Md. 2013) (finding that the court need not conduct an evidentiary hearing to determine damages and "may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum.").

## Discussion

### I. Fair Labor Standards Act

Plaintiff alleges that the defendant violated the FLSA by failing to pay the plaintiff earned overtime wages. The FLSA creates a private right of action for employees to recover unpaid overtime wages from employers. 29 U.S.C. § 207. The FLSA's broad definition of "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." Id. § 203(d). The employee must be "engaged in commerce or in the production of goods for commerce, or [be] employed in an enterprise engaged in commerce or in the production of goods for commerce." Id. § 207(a)(1).

The FLSA requires that an employee receive overtime pay for work performed over 40 hours in any workweek at a rate not less than one and a half times the employee's regular rate of pay. Id. § 207(a)(2). The "regular rate" means the hourly rate. 29 C.F.R. § 778.109. While an

employer need not compensate employees on an hourly basis, overtime compensation must be based on an hourly rate. Id. "The statute, however, exempts from this requirement 'any employee employed in a bona fide executive . . . capacity.'" In re Family Dollar FLSA Litig., 637 F.3d 508, 513 (4th Cir.2011) (quoting 29 U.S.C. § 213(a)(1)).

Here, the undisputed facts establish that the defendant is an employer within the meaning of the FLSA, that the plaintiff was not an exempt employee, and that the plaintiff did not receive overtime pay for hours worked in excess of 40 hours per week. The plaintiff alleges that, on average, he worked 42.5 hours per week, but that he was paid for only 37.5 hours per week. Thus, accepting as true plaintiffs' well-pleaded allegations, the court finds that plaintiff has sufficiently pled that the defendant violated the FLSA, and that default judgment is proper as to Count I of the complaint.

## II. **Breach of Contract**

Plaintiff next seeks relief on his claim for breach of contract under Virginia law. Although the claim arises under state law, the court has supplemental jurisdiction over it as part of the "same case or controversy" as the FLSA claim. 28 U.S.C. § 1367(a). "In Virginia, the elements of a cause of action for breach of contract are as follows: (1) a legal obligation of a defendant to the plaintiff; (2) a violation or a breach of that right or duty; and (3) a consequential injury or damage to the plaintiff." Aviation Res., Inc. v. XL Specialty Ins. Co., 276 F. Supp. 2d 567, 568 (W.D. Va. 2003) (citing Brown v. Harms, 467 S.E.2d 805, 807 (Va. 1996)).

The court finds that the plaintiff has pled sufficient facts to support his claim for breach of contract. The plaintiff alleges that he had an oral contract with the defendant, in which the defendant agreed to pay the plaintiff $10.00 per hour for eight-and-a-half hours per day. Thus, the defendant had a legally enforceable obligation to pay the plaintiff under a valid contract.

Plaintiff further alleges that, from December 2013 to December 2014 and September 2015 until May 2016, the defendant failed to pay him for all the hours he worked. As a result, the defendant materially breached its obligation to pay the plaintiff for work performed and that failure resulted in damages for the amount unpaid. Therefore, based on the plaintiff's well-pleaded factual allegations, the court finds the defendant liable to the plaintiff for breach of contract, and will enter default judgment as to Count II.

### III. Damages

The court may award damages without a hearing, but only if the record supports the damages requested. See DirecTV, Inc. v. Yancey, No. 4:04CV00011, 2005 WL 3435030, at *2 (W.D. Va. Dec. 12, 2005) (finding that a hearing to determine damages was not required because plaintiff "presented sufficient evidence to support its claim for damages, costs and fees by way of uncontradicted affidavits"). Although the plaintiff lacks complete time records, he may "show the amount and extent of his work as a matter of just and reasonable inference." Pforr v. Food Lion, Inc., 851 F.2d 106, 106 (4th Cir. 1988) (internal quotation marks omitted). An employee may establish a prima facie case of unpaid wages based on sworn declarations or oral testimony. Serrano v. Chicken-Out Inc., 209 F. Supp. 3d 179, 187 (D.D.C. 2016).

In this case, the plaintiff has submitted an uncontradicted affidavit attesting to the existence of the contracts, the hours the plaintiff worked, and the pay the plaintiff received. The court is convinced that the affidavit provides a sufficient basis for awarding damages without a hearing.

#### a. FLSA

The plaintiff seeks damages for unpaid overtime wages under Count I and unpaid wages under the parties' contracts under Count II. Under the "one wrong, one recovery rule," a party

may not recover twice for the same injury, even if the party asserts multiple, consistent theories of recovery. Clancy v. Skyline Grill, LLC, No. CIV. ELH-12-1598, 2012 WL 5409733, at *5 (D. Md. Nov. 5, 2012), report and recommendation adopted, No. CIV.A. ELH-12-1598, 2013 WL 625344 (D. Md. Feb. 19, 2013) (citing Gen. Tel. Co. of the Northwest Inc. v. EEOC, 446 U.S. 318, 333 (1980) ("It . . . goes without saying that the courts can and should preclude double recovery by an individual.")). Thus, the plaintiff may only recover once for each unpaid hour of work. See id. (finding that the plaintiff could only recover once for "all damages resulting from Defendant's failure to pay him his deserved wages" although plaintiff established liability under three statutes and for breach of contract in his motion for default judgment).

In this case, the plaintiff has submitted an affidavit with two separate calculations of damages – one under the FLSA and one under the contracts – but neither calculation is appropriate. The plaintiff's calculation under the FLSA seeks recovery for unpaid wages from only the weeks that he worked overtime. However, for those weeks, he seeks payment not only for unpaid overtime wages, but also for unpaid regular wages. The plaintiff has not made a claim under the FLSA for unpaid regular wages and therefore cannot be awarded such damages under the FLSA. While the plaintiff is entitled to payment of unpaid regular wages under the contracts, he is not entitled to the FLSA rate of time and a half for overtime hours under the contracts. Thus, to calculate the highest amount to which the plaintiff is entitled and for which there is no double recovery, the court will award damages under the FLSA claim only for unpaid overtime hours and damages under the contract claim only for unpaid regular hours.

Under the FLSA, any employer who violates § 207 is liable to an affected employee for the amount of the employee's unpaid wages and an additional equal amount in liquidated damages. 29 U.S.C. § 216(b). Here, the plaintiff avers that he worked a total of 58.75 overtime

hours over the course of 21 weeks. The plaintiff's overtime rate was $15.00. Based on the court's review of the plaintiff's calculations, the court believes that the plaintiff is entitled to damages in the amount of $881.25 for his unpaid overtime wages.

Plaintiff also seeks liquidated damages. Section 216 of the FLSA provides that "[a]ny employer who violates the provisions of . . . section 207 of this title shall be liable to the employee" for "liquidated damages" in an amount equal to "the amount of [the employee's] unpaid minimum wages, or [the employee's] unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). The "FLSA plainly envisions that liquidated damages in an amount equal to the unpaid overtime compensation are the norm for [such] violations." Mayhew v. Wells, 125 F.3d 216, 220 (4th Cir. 1997). However, the court has broad discretion to reduce liquidated damages if the employer "shows to the satisfaction of the court that the act or omission giving rise to the action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of FLSA." Id. (internal quotation marks and alterations omitted). Here, the defendant has made no such showing. The court will therefore grant the plaintiff liquidated damages in the amount of $881.25, bringing defendants' total monetary obligation for FLSA violations to $1,762.50.

Next, plaintiffs seek attorney's fees and costs. Section 216(b) of the FLSA mandates the payment of attorney's fees and costs to the prevailing plaintiff, but the amount of the award is within the discretion of the court. Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984). The court must review a fee award request independently for reasonableness. Kennedy v. Touch of Patience Shared Housing, Inc., 779 F. Supp. 2d 516, 525 (E.D. Va. 2011). Plaintiff's counsel has advised that they will file a motion for attorneys' fees no later than 14 days after the entry of this memorandum opinion and order. The court will therefore delay entry of judgment for 14 days to

permit plaintiff's counsel to file their fee petition.

Finally, the plaintiff is entitled to an award of postjudgment interest under 28 U.S.C. § 1961 on the award under the FLSA. Interest will begin to accrue from the date of entry of judgment in this case and will accumulate until the date of payment. 28 U.S.C. § 1961(a)-(b).

### b. Breach of Contract

The plaintiff also seeks damages under his breach of contract claim. Excluding any hours already accounted for by the award of overtime wages under the FLSA, the court finds that the plaintiff has alleged he worked 115 hours for which he did not receive pay at the parties' agreed-upon rate of $10.00 per hour. The court therefore believes that the plaintiff is entitled to an award of $1115.00 for breach of contract.

The complaint also requests statutorily authorized interest on any award under Count II for breach of contract. "[T]he award of prejudgment interest is a matter within the Court's discretion." Tattoo Art, Inc. v. TAT Int'l, LLC, 794 F. Supp. 2d 634, 663 (E.D. Va. 2011), aff'd, 498 F. App'x 341 (4th Cir. 2012). In light of the plaintiff's attempt to resolve his complaint of underpayment with the defendant's management before filing suit and the defendant's failure to respond in this court, the court finds prejudgment interest appropriate. Because the parties did not specify a particular interest rate in their contracts, the court will award prejudgment interest at an annual rate of 6%, the standard judgment interest rate under Virginia law. See Va. Code Ann. § 6.2-302 (2010). The court will also award post-judgment interest on the award under Count II, to be paid in accordance with 28 U.S.C. § 1961. Postjudgment interest shall begin to accrue from the date of the entry of this judgment until the date of payment. See id. § 1961(a)-(b).

### Conclusion

For the foregoing reasons, the court will grant plaintiff's motion for default judgment against the defendant. The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 13th day of October, 2017.

/s/ Glen Conrad
United States District Judge