IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE

TIMOTHY KENNEY,
          Plaintiff

v.                      Civ. No. 3:17CV00053

PALMER-STUART OIL COMPANY, INC.,
d/b/a Preston Avenue Shell,
          Defendant

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES

Comes now the defendant, Palmer-Stuart Oil Company, Inc., by counsel, and for its Opposition to Defendant's Motion for an Award of Attorneys' Fees and Litigation Expenses states as follows:

Defendant's sole principal, Wesley Gfroerer, is an elderly man who during the pendency of the suit has found himself burdened with attending to an even older mother-in-law, health problems of his wife, and has himself had two stents put in, in part due to the stress to trying to run a business as well as take care of other people. He doesn't agree that he owes plaintiff anything, but has found himself afflicted with too many issues to deal with to have time or health to fight the claim, and thus has instructed undersigned to obtain an exact figure from plaintiff's counsel of the approximately $3000 in awarded damages, and just pay it. By copy of this Opposition to Ms. Charlton if she will just calculate the figure and show how she calculated the figure, and send it to undersigned, then defendant's intent is to pay it.

But defendant does oppose the effort to add attorneys' fees and litigation expenses on top of the principal judgment amount. Undersigned does not practice in the federal labor law field, and is primarily a state criminal defense attorney, but Mr. Gfroerer informs that the registered

1

agent, Ralph Main, Esq., does not do this type of work, and Mr. Gfroerer called John Davidson who Mr. Main referred him to multiple times but Mr. Davidson never returned the phone call, and thus he asked undersigned to file an opposition, not knowing anyone else who could do it for him.

*Plaintiff is not entitled to attorneys' fees as a matter of law because he is represented by a Legal Aid Society that may not charge him a fee, but this Court has adjudged him not indigent, that is, not entitled to proceed in forma pauperis.*

Defendant takes the position that the plaintiff has not made a showing of "attorneys' fees" within the meaning of 29 U.S.C. § 216(b) because the Legal Aid Justice Center essentially is designed to provide pro bono services for indigent clients, but here plaintiff's motion to proceed in forma pauperis, which he filed under seal so that undersigned can't see it, was denied, determining he was not indigent as a matter of law. See Order entered 7/31/2017. "The plaintiff herein has identified that he has available to him sufficient financial resources with which to pay the fees and costs of this litigation." As in other cases, the question of "attorneys' fees" is one of the meaning of the words as used by the Congress, which is dependent on its intent at the time it made the 1938 enactment. Plaintiff cites *Blum v. Stenson*, 465 U.S. 886, 895 (1984), but the problem with that citation is that the Court was there interpreting provisions of a 1976 Act ("The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, authorizes district courts to award a reasonable attorney's fee to prevailing civil rights litigants.") an enactment occurring after the existence of legal aid societies. See footnote 10, "Congress was legislating in light of experience when it enacted the 1976 fee statute." See also <u>Saldivar v. Rodela</u>, 894 F.Supp.2d 916, 926 (W.D. Tex., 2012), "With regard to legal aid entities, the drafters of the Convention, Congress, and the Department of State contemplated that such entities would play an active role in effectuating the purposes of the Convention. Article 25."

2

But the Fair Labor Standards Act was adopted in 1938. At that time, legal aid societies as we know them today, did not exist. Under FRE 201 this Court can take judicial notice of the following: The Charlottesville-Albemarle Legal Aid Society (CALAS) was created in 1967. It received federal funding in 1970. https://www.justice4all.org/who-we-are/history/. In 2001, consistent with federal requests to consolidate services regionally Piedmont Legal Services merged into the Central Virginia Legal Aid Society, creating federally funded sister offices in Charlottesville, Richmond and Petersburg, and expanding Legal Aid Justice Center services to the Richmond area. https://www.justice4all.org/who-we-are/history/. The Legal Services Corporation (LSC) is an independent nonprofit established by Congress in 1974 to provide financial support for civil legal aid to low-income Americans. LSC promotes equal access to justice by providing funding to 133 independent non-profit legal aid programs in every state, the District of Columbia, and U.S. Territories. https://www.lsc.gov/.

LSC is the single largest funder of civil legal aid for low-income Americans in the nation. https://www.lsc.gov/about-lsc/who-we-are. LSC-funded programs help people who live in households with annual incomes at or below 125% of the federal poverty guidelines – in 2015, $14,713 for an individual, $30,313 for a family of four. https://www.lsc.gov/about-lsc/who-we-are. "CVLAS [Central Virginia Legal Aid Society], a nonprofit 501(c)(3) organization, receives funding from the Legal Services Corporation, the Commonwealth of Virginia, and United Way of America, as well as IOLTA funds and other grants and donations. Along with the Legal Aid Justice Center, it often relies on fundraisers and private donations." https://en.wikipedia.org/wiki/Central_Virginia_Legal_Aid_Society.

Organizational documents, obtained from the Virginia Corporation Commission, are attached hereto as Exhibit A, and demonstrate that the Charlottesville-Albemarle Legal Aid

3

Society is a fictitious name for the Legal Aid Justice Center. In keeping with the goal of limiting

use of federal tax dollars to indigents, regulations are in existence pertaining to fee generating

cases:

**45 C.F.R. §1609.1  Purpose.**
This part is designed:
(a) To ensure that recipients do not use scarce legal services resources when private
attorneys are available to provide effective representation and
(b) To assist eligible clients to obtain appropriate and effective legal assistance.

**§1609.2  Definitions.**
(a) *Fee-generating case* means any case or matter which, if undertaken on behalf of an
eligible client by an attorney in private practice, reasonably may be expected to result in a
fee for legal services from an award to a client.
(b) *Fee-generating case* does not include a case where:
(1) A court appoints a recipient or an employee of a recipient to provide representation in
a case pursuant to a statute or a court rule or practice equally applicable to all attorneys in
the jurisdiction;
(2) A recipient undertakes representation under a contract with a government agency or
other entity; or
(3) A recipient provides only advice and counsel or limited services, as those terms are
defined in 45 CFR 1611.1(a) and (e), to an eligible client.

**§1609.3  Authorized representation in a fee-generating case.**
(a) Except as provided in paragraph (b) of this section, a recipient may not use
Corporation funds to provide legal assistance in a fee-generating case unless:
(1) The case has been rejected by the local lawyer referral service, or by two private
attorneys; or
(2) Neither the referral service nor two private attorneys will consider the case without
payment of a consultation fee.
(b) A recipient may provide legal assistance in a fee-generating case without first
attempting to refer the case pursuant to paragraph (a) of this section only when:
(1) An eligible client is seeking benefits under Subchapter II of the Social Security Act,
42 U.S.C. 401 *et seq.,* as amended, Federal Old Age, Survivors, and Disability Insurance
Benefits; or Subchapter XVI of the Social Security Act, 42 U.S.C. 1381 *et seq.,* as
amended, Supplemental Security Income for Aged, Blind, and Disabled;
(2) The recipient, after consultation with appropriate representatives of the private bar,
has determined that the type of case is one that private attorneys in the area served by the
recipient ordinarily do not accept, or do not accept without prepayment of a fee; or
(3) The director of the recipient, or the director's designee, has determined that referral of
the case to the private bar is not possible because:
(i) Documented attempts to refer similar cases in the past generally have been futile;

4

(ii) Emergency circumstances compel immediate action before referral can be made, but the client is advised that, if appropriate, and consistent with professional responsibility, referral will be attempted at a later time; or

(iii) Recovery of damages is not the principal object of the recipient's client's case and substantial statutory attorneys' fees are not likely to be available.

### §1609.4   Requesting and receiving attorneys' fees.

(a) Any petition seeking attorneys' fees for representation supported in whole or in part with funds provided by LSC, shall, to the extent permitted by law and rules in the jurisdiction, be filed in the name of the recipient.

(b) Attorneys' fees received by a recipient or an employee of a recipient for representation supported in whole or in part with funds provided by LSC shall be allocated to the fund in which the recipient's LSC grant is recorded in the same proportion that the amount of LSC funds expended bears to the total amount expended by the recipient to support the representation.

(c) Attorneys' fees received shall be recorded during the accounting period in which the money from the fee award is actually received by the recipient and may be expended for any purpose permitted by the LSC Act, regulations, and other law applicable at the time the money is received. Id. at

### §1609.5   Receiving reimbursement from a client.

(a) When a case results in recovery of damages or statutory benefits, a recipient may accept reimbursement from the client for out-of-pocket costs and expenses incurred in connection with the case, if the client has agreed in writing to reimburse the recipient for such costs and expenses out of any such recovery.

(b) A recipient may require a client to pay court costs when the client does not qualify to proceed *in forma pauperis* under the rules of the jurisdiction.

### §1609.6   Recipient policies, procedures and recordkeeping.

Each recipient shall adopt written policies and procedures to guide its staff in complying with this part and shall maintain records sufficient to document the recipient's compliance with this part.

The award of a fee is to the plaintiff, not the plaintiff's lawyers. Astrue v. Ratliff, 560 U.S. 586

(2010) (decided under EAJA). See also Faircloth v. Colvin, Action No. 2:13cv156, p. 4 (E.D.

Va., 2014), "Because the statute provides that the award goes to the party, however, and not

directly to his attorney, there must also be an 'express or implied agreement that the fee award

will be paid over to the legal representative.'"

In Dixon v. Comm'r of Internal Revenue, 132 T.C. 55, 132 T.C. No. 5 (U.S.T.C., 2009)

the Court collected the various cases decided under various federal fee shifting statutes which

5

recognize that the fact that the plaintiff's lawyer is a legal aid lawyer is not per se disqualifying in awarding a fee, but the FLSA is not one of them. Undersigned has been unable to locate a precedent whether a plaintiff is entitled under a law enacted in 1938 to an award of attorney fees, when he is represented by a legal aid society which is prohibited from charging him a legal fee when he is an indigent, but he has filed claiming indigent status, but the Court has denied his claim, and who now not only fails to come forth with information about his income and assets but affirmatively seeks to hide that information by having it placed under seal. In <u>Dixon</u>, the Court stated, "Courts have held that allowing fee awards for pro bono representation furthers the purpose of all attorneys' fees statutes by ensuring that legal services groups and other pro bono counsel have a strong incentive to represent **indigent** claimants." 132 T.C. 96. Since the Court has determined Mr. Kenney to be non-indigent, the purpose of the statute is non-existent.

As <u>Astrue</u> noted, it is possible for the attorney to be the ultimate beneficiary of a fee shifting statute, but that comes about because of "nonstatutory (contractual and other assignment-based) rights that typically confer upon the attorney the entitlement to payment of the fees award the statute confers on the prevailing litigant." Id. at 560 U.S. 598. But the plaintiff has provided no evidence of what the fee agreement is, if any, and we are to left to speculate whether one exists, and, if so, its terms. Thus, at this juncture, it is possible that the defendant would, after paying $3000, by a check in the name of Timothy Kenney, then pay another check to him in his name for $4,000, which, an adjudicated non-indigent then proceeds to spend overnight. Even if he has a fee arrangement with the Legal Aid Justice Center that requires he repay the Legal Aid Justice Center, they might end up suing a client and obtaining an uncollectible $4,000 judgment against him.

6

The dictionary definition of "attorney fee" (the FLSA does not define the term) is Black's Law Dictionary (5th ed. 1979), "Attorney. Attorney fees. See American Rule; Fee; Minimum fee schedules; Retainer," and "Fee. A recompense for an official or professional service or a charge or emolument or compensation for a particular act or service." We have no evidence of a charge. In fact, the plaintiff's evidence is directly to the contrary, "[W]e do not charge our clients." Declaration of Ms. Charlton p. 2.

Thus, while the law makes a distinction between "attorney's fees incurred," and "reasonable attorney's fees," it generally being recognized in the latter situation there does not have to be a fee incurred, there still must be a "fee." How can an entity designed to assist indigents which does not charge a fee have a fee from a non-indigent?

Ms. Charlton in her declaration states, rather bizarrely, that Valley Acceptance Corp. v. Glasby, 230 Va. 422, 432-23 (1985) is authority for the proposition that legal aid attorneys are entitled to an award of statutory attorney's fees, notwithstanding that "we do not charge our clients." P.2. First, as discussed above, it is the plaintiff, not the attorney, who is entitled to the fees if they are allowable. Second, the case doesn't involve legal aid attorneys. Third, it was a case under the Virginia Consumer Protection Act, Code § 29.1-199(C).

*The amount sought is not reasonable.*

The plaintiff cites the 12 factors applicable in cases involving paid attorneys or indigents represented by pro-bono counsel. But,

> Nevertheless, it does not seem likely, contrary to the assertion of plaintiff's counsel, that counsel has suffered the loss of "significant opportunity costs" on the ground that "this matter has prevented him from pursuing other legal matters on which he could have been working." ECF 35-1 at 11. Nor does plaintiff's counsel identify any case that he actually had to turn down because of the demands of this case. Nor is an FLSA case an inherently undesirable one.

7

<u>McFadden v. L&J Waste Recycling, LLC</u>, p. 7, Civil Action No. ELH-16-2744 (D. Md., 2017) E.L. Hollander, U.S. Dist. Judge. Similarly, here plaintiff's counsel does not identify any case she turned down, and an FLSA case is not inherently an undesirable one. Ms. Charlton says in her declaration that the case is undesirable "because Plaintiff is a low-wage worker who cannot afford attorney's fees," p. 3, but, as noted above, the Court determined him to be non-indigent. And she makes but a conclusory statement the case is undesirable, with no evidence to back up such assertion.

Indeed, plaintiff has failed to identify compliance with any of the factors set forth in the regulations which would justify forcing the defendant to not only pay his own lawyer but the plaintiff's lawyer as well: there is no assertion the case was rejected by a local lawyer referral service, or by two private attorneys or that neither the service nor two private attorneys will consider it without requiring a consultation fee, and none of the exceptions have been pleaded.

When the court ruled the plaintiff indigent, that same day the filing fee was paid (phone call to the deputy clerk, Heidi Wheeler). We are left in the dark as to who paid it. Did the Legal Aid Justice Center advance the funds? Or did Mr. Kenney pay them out of his pocket?

Under 45 CFR 1609.5, the recipient may "accept" reimbursement from the client for out-of-pocket costs if the client has agreed in writing to reimburse. But we don't know whether such a writing exists.

*Consideration of the $3,000 in principal damages militates against awarding legal fees higher than the principal award.*

In <u>McDonnell v. Miller Oil Co., Inc.</u>, 134 F.3d 638, 641 (C.A.4 (Va.), 1998), the Court stated, "Thus, even when an award of attorneys' fees is mandatory, the district court may decrease the amount of fees that might otherwise be awarded in order to account for the plaintiff's limited success." It stated, "[A] court should examine 'the size of the proposed

8

attorney's fee ... award in comparison with the total damage award.'" Id. See also <u>McFadden v. L&J Waste Recycling, LLC</u>, Civil Action No. ELH-16-2744, p. 8 (D. Md., 2017) E.L. Hollander, U.S. Dist. Judge, "Notably, when entering a default judgment, the court may make an award of attorney's fees for a lesser amount than the moving party requested."

Also, in <u>Thomas v. Peacock</u>, 39 F.3d 493, 506 (C.A.4 (S.C.), 1994) reversed on other grounds, the Court stated, "We think it safe to say, without belittling the important interests which ERISA serves to protect, that the federal civil rights laws provide more vital protections and vindicate far more important interests." In that case the court considered a fee award of 2/3 of the plaintiff's judgment to be excessive, and distinguished fee awards in civil rights cases because there the interests sought to be protected are of a higher order. The Court stated the most critical factor was results obtained. While no case directly addresses how "vital" the protections are in the FLSA, we have here a plaintiff who by his own complaint went week after week back to the employer, drawing money from him repeatedly, and who could have quit any time, but persisted in a lengthy period of employment, and then long after the fact decided he had been wronged.

In conclusion, there exists as a matter of law no "attorney's fee" within the meaning of 29 U.S.C. § 216(b) because the Legal Aid Justice Center has not charged its client any fee, and the Court has determined him not entitled to proceed in forma pauperis. Further, the fees requested are excessive considering the 12 factors. The Court should deny the request for attorney's fees in total.

Also, the Court should deny the request for costs, or, in the alternative, award solely the filing fee as costs recoverable, without awarding attorney's fees.

9

Respectfully submitted,

PALMER-STUART OIL COMPANY, INC.

By s/_____
                Counsel

Norman Lamson
Va. State Bar #19765
Attorney for Defendant Palmer-Stuart Oil Company, Inc.
Norman Lamson, attorney-at-law
405 8th Street, N.E.
Charlottesville, VA 22902-5135
434-979-8159
Fax 434-979-8152
nlamson@attny.comcastbiz.net

## CERTIFICATE OF SERVICE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF VIRGINIA

I hereby certify that on 11/6/2017 (Date), I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Mary Frances Charlton, Esq., VSB#85387, Legal Aid Justice Center, 1000 Preston Ave., Suite A, Charlottesville, VA 22903, maryc@justice4all.org, and Rachel McFarland, Esq., VSB#89391, Legal Aid Justice Center, 1000 Preston Ave., Suite A, Charlottesville, VA 22903, rmcfarland@justice4all.org, I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: none.

s/_____
Norman Lamson

Va. St. Bar #19765,
Attorney for defendant Palmer-Stuart Oil Company, Inc.
Norman Lamson, Attorney-at-law
405 8th Street, N.E.
Charlottesville, VA 22902-5135
434-979-8159
Fax 434-979-8152
nlamson@attny.comcastbiz.net

palmerstuartoppPmoattyfees.docx

10

**Alert to corporations regarding unsolicited mailings from VIRGINIA COUNCIL FOR CORPORATIONS is available from the Bulletin Archive link of the Clerk's Office website.**



SCC Home |
Contact SCC |
Site Map |
Search



Virginia.gov

```
                                                              11/06/17
         CISM0180            CORPORATE DATA INQUIRY           10:59:44

   CORP ID:  0128348 - 0   STATUS: 00  ACTIVE          STATUS DATE: 03/26/14
 CORP NAME:  CENTRAL VIRGINIA LEGAL AID SOCIETY, INC.


DATE OF CERTIFICATE:  09/28/1970 PERIOD OF DURATION:          INDUSTRY CODE: 00
STATE OF INCORPORATION: VA VIRGINIA        STOCK INDICATOR:  N NON-STOCK
MERGER IND: S SURVIVOR           CONVERSION/DOMESTICATION IND:
GOOD STANDING IND: Y             MONITOR INDICATOR:
CHARTER FEE:         MON NO:          MON STATUS:  MONITOR DTE:
  R/A NAME: STEPHEN E DICKINSON


    STREET:  101 W BROAD ST STE 101                  AR RTN MAIL:
             PO BOX 12206
      CITY:  RICHMOND            STATE : VA  ZIP: 23241-0000
 R/A STATUS: 1  DIRECTOR        EFF. DATE: 05/11/10  LOC : 216
ACCEPTED AR#: 217 12 7446  DATE: 08/14/17             RICHMOND CITY
 CURRENT AR#: 217 12 7446  DATE: 08/14/17 STATUS: A  ASSESSMENT INDICATOR:  0
YEAR    FEES    PENALTY   INTEREST   TAXES    BALANCE      TOTAL SHARES
 17     25.00
```

**(Screen Id:/Corp_Data_Inquiry)**

Exhibit A

**Alert to corporations regarding unsolicited mailings from VIRGINIA COUNCIL FOR CORPORATIONS is available from the Bulletin Archive link of the Clerk's Office website.**





Commonwealth of Virginia
**State Corporation Commission**

Virginia.gov

```
                                                              11/06/17
        CISM1001    OFFICERS/DIRECTORS AND PRINCIPAL OFFICE    11:02:17

CORPORATE ID:  0128348                 CURRENT AR# 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 DATE 08/14/17
   CORP NAME:  CENTRAL VIRGINIA LEGAL AID SOCIETY, INC.


      STREET:  101 WEST BROAD ST  STE 101  POB 12206


       CITY:  RICHMOND           STATE:  VA  ZIP:  23241
S  C                                      DIR REQUIRED: Y
E  A          OFFICERS/DIRECTORS DISPLAY FOR AR#  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
L  T                NAME                          TITLE          SIGN
   B   LONNIE D. NUNLEY                    PRESIDENT
   B   EARL J. GEE, ESQ                    TREASURER
   B   STEPHEN E DICKINSON                 EXEC DIRECTOR
   D   TRACEY C HOPPER                     DIRECTOR
   D   CHARLES K SEYFARTH                  DIRECTOR
```

**(Screen ld:/Corp_Officer_Director PO_Inquiry)**

**Alert to corporations regarding unsolicited mailings from VIRGINIA COUNCIL FOR CORPORATIONS is available from the Bulletin Archive link of the Clerk's Office website.**



Virginia.gov

```
                                                    11/06/17
        CISM0190      CORPORATE ACTIVITY SUMMARY    11:03:36

        CORP ID:         -           ACTIVITY TYPE:  9999
        CORP NAME:  CENTRAL VIRGINIA LEGAL AID SOCIETY, INC.


S
L    TYPE DESC          STATUS       EFF DATE    SCC FEE      DCN
                                                          -  -  -
                                                          -  -  -
                                                          -  -  -
                                                          -  -  -
                                                          -  -  -
                                                          -  -  -
                                                          -  -  -
                                                          -  -  -
                                                          -  -  -
                                                          -  -  -
                                                          -  -  -
```

(Screen Id:/Corp_Activity_Summary)

**Alert to corporations regarding unsolicited mailings from VIRGINIA COUNCIL FOR CORPORATIONS is available from the Bulletin Archive link of the Clerk's Office website.**



Commonwealth of Virginia
**State Corporation Commission**



Virginia.gov

```
                                                      11/06/17
        CISM0180            CORPORATE DATA INQUIRY     11:04:39

   CORP ID:  0111644 - 1   STATUS: 00  ACTIVE         STATUS DATE: 01/29/77
 CORP NAME:  Legal Aid Justice Center


DATE OF CERTIFICATE:  03/30/1967 PERIOD OF DURATION:       INDUSTRY CODE: 00
STATE OF INCORPORATION:  VA VIRGINIA     STOCK INDICATOR:  N NON-STOCK
MERGER IND: S SURVIVOR          CONVERSION/DOMESTICATION IND:
GOOD STANDING IND: Y            MONITOR INDICATOR:
CHARTER FEE:            MON NO:         MON STATUS:  MONITOR DTE:
  R/A NAME:  SCOTT KRONER, PLC

    STREET:  418 EAST WATER ST.                    AR RTN MAIL:
             P.O. BOX 2737
      CITY:  CHARLOTTESVILLE         STATE : VA  ZIP: 22902-0000
R/A STATUS:  5  B.E. AUTH IN VI  EFF. DATE:  03/18/15  LOC : 203
ACCEPTED AR#: 217 05 4603  DATE: 03/20/17             CHARLOTTESVILLE
CURRENT AR#: 217 05 4603  DATE: 03/20/17 STATUS: A   ASSESSMENT INDICATOR:  1
YEAR    FEES     PENALTY   INTEREST   TAXES    BALANCE      TOTAL SHARES
 17
```

**(Screen Id:/Corp_Data_Inquiry)**

**Alert to corporations regarding unsolicited mailings from VIRGINIA COUNCIL FOR CORPORATIONS is available from the Bulletin Archive link of the Clerk's Office website.**



*Commonwealth of Virginia*
## State Corporation Commission



Virginia.gov

```
                                                            11/06/17
      CISM1001    OFFICERS/DIRECTORS AND PRINCIPAL OFFICE    11:10:21

CORPORATE ID:  0111644 1            CURRENT AR# 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 DATE 03/20/17
   CORP NAME:  Legal Aid Justice Center


    STREET:   1000 PRESTON AVENUE
              SUITE A
       CITY:  CHARLOTTESVILLE        STATE:  VA  ZIP:  22903
 S  C                                       DIR REQUIRED: Y
 E  A         OFFICERS/DIRECTORS DISPLAY FOR AR#  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
 L  T              NAME                           TITLE        SIGN
    B    TRACEY C HOPPER                     PRESIDENT
    B    JOY JOHNSON                         VICE PRESIDENT
    B    JONATHAN T BLANK                    TREASURER
    D    EVA ANTHONY                         DIRECTOR
    D    HERBERT L BESKIN                    DIRECTOR
    D    IRVING M. BLANK                     DIRECTOR
    D    DORA CALLAHAN                       DIRECTOR
    D    JOHN H. COBB, JR.                   DIRECTOR
```

(Screen Id:/Corp_Officer_Director PO_Inquiry)

**Alert to corporations regarding unsolicited mailings from VIRGINIA COUNCIL FOR CORPORATIONS is available from the Bulletin Archive link of the Clerk's Office website.**

SCC Home |
Contact SCC |
Site Map |
Search



Commonwealth of Virginia
**State Corporation Commission**



Virginia.gov

11/06/17
11:07:38

CISM3120                FICTITIOUS NAME INQUIRY

CORP ID: 0111644 - 1                CORP STATUS: 00 ACTIVE
CORP NAME: Legal Aid Justice Center

| DATE | | FICTITIOUS NAME(S) |
|------|------|--------------------|
| 04/14/06 | 001. | ALLIANCE FOR VIRGINIA'S STUDENTS (CHARLOTTESVILLE CI) |
| 05/06/02 | 002. | VIRGINIA JUSTICE CENTER FOR FARM & IMMIGRANT WORKERS                (CHARLOTTESVILLE CI) |
| 05/06/02 | 003. | JUSTCHILDREN (CHARLOTTESVILLE CI) |
| 05/06/02 | 004. | CHARLOTTESVILLE-ALBEMARLE LEGAL AID SOCIETY (CHARLOTTESVILLE CI) |
| 05/06/02 | 005. | SOUTHSIDEVIRGINIA LEGAL SERVICES (CHARLOTTESVILLE CI) |
| 11/25/97 | 006. | THE VIRGINIA JUSTICE CENTER FOR FARM & IMMIGRANT WORKERS |

(Screen Id:/Corp_Name_Inquiry_Corp)

**Alert to corporations regarding unsolicited mailings from VIRGINIA COUNCIL FOR CORPORATIONS is available from the Bulletin Archive link of the Clerk's Office website.**



Commonwealth of Virginia
**State Corporation Commission**

Virginia.gov

```
                                                          11/06/17
         CISM3155              OLD NAME INQUIRY            11:12:57

   CORP ID:  0111644 - 1      CORP STATUS: 00  ACTIVE
   CORP NAME:  Legal Aid Justice Center


   OLD NAME:                                 DATE OF NAME CHANGE:
     CHARLOTTESVILLE-ALBEMARLE LEGAL AID SOCIETY    10/01/01
```

(Screen Id:/Corp_Old_Name_Inquiry)