CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
12/15/2017
JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| TIMOTHY KENNEY, *Plaintiff*, v. PALMER-STUART OIL CO., INC., D/B/A PRESTON AVENUE SHELL. *Defendant*. | CASE NO. 3:17-cv-00053 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This Fair Labor Standards Act ("FLSA") case is before me after Judge Glen E. Conrad entered default judgment for Plaintiff Timothy Kenney on the issues of liability and damages. The remaining issue, which Defendant Palmer-Stuart Oil Company, Inc. has entered an appearance to contest, is Plaintiff's entitlement to attorney's fees and the quantum thereof.

The FLSA mandates that a prevailing plaintiff is entitled to attorney's fees. 29 U.S.C. § 216(b); *Andrews v. Am.'s Living Centers, LLC*, 827 F.3d 306, 312 (4th Cir. 2016); *Rogers v. City of Virginia Beach*, 182 F.3d 909 (4th Cir. 1999); *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). First, Defendant contests the entitlement to fees on the ground that Judge Conrad decided Plaintiff was not indigent for purposes of a potentially waiving his filing fees and costs. No further explication of this argument is given, and the Court fails to see how or why such a conclusion would negate a statutory entitlement to attorney's fees.

Next, and most centrally, Defendant argues that Plaintiff cannot recover fees because he is represented by a *pro bono* legal aid foundation. The premise of this argument is that, because Plaintiff himself did not have an outlay of attorney's fees, he is not entitled to recover any. But courts have repeatedly held that "litigants who are under no obligation to pay attorneys associated with a civil rights organization are nevertheless entitled to recover attorneys' fees

where an allowance would otherwise be proper." *Bills v. Hodges*, 628 F.2d 844, 847 (4th Cir. 1980); *see Blum v. Stenson*, 465 U.S. 886, 895 (1984) (stating "it is not legally relevant" to the fee issue that plaintiff is represented by a public interest law firm); *Alexander S. By & Through Bowers v. Boyd*, 929 F. Supp. 925, 933 (D.S.C. 1995) (holding that "every court that has considered" the issue has ruled that attorney's fees are not defeated by existence of *pro bono* counsel and are "not affected by the fact that no fee was charged"), *aff'd sub nom. Burnside v. Boyd*, 89 F.3d 827 (4th Cir. 1996); *McManama v. Lukhard*, 464 F. Supp. 38, 41 (W.D. Va. 1978), *aff'd and remanded*, 616 F.2d 727 (4th Cir. 1980); *see also Tillman v. Wheaton-Haven Recreation Ass'n, Inc.*, 517 F.2d 1141, 1148 (4th Cir. 1975). This has been held so even in cases where the firm received public funding. *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 350 (D. Md. 2012).

It is true enough that none of the cases above involved the FLSA's fee-shifting provision. But the principle embodied in them is trans-substantive. And as Defendant acknowledges (dkt. 16 at 6), he has been unable to find a case that squarely supports his position and is contrary to the aforementioned authorities. Moreover, numerous federal district court decisions in Virginia have awarded FLSA attorney's fees to the very legal aid foundation involved in this case. (Dkt. 17 (Pl's Reply Br.) at ECF 4 (compiling cases)).

Finally, Defendant generally objects to the amount of fees and expenses, which totals $4,504.45 for 15 billed hours by two attorneys. The calculation of attorney's fees starts with the presumptively reasonable fee known as the "lodestar"—*i.e.*, the reasonable number of hours billed multiplied by a reasonable billing rate. Defendant does not contest the reasonableness of opposing counsel's rates, and in any event they are supported by an uncontroverted third-party affidavit, so the Court will apply those rates to the reasonably billed hours.

The Court has reviewed the time entries of each attorney by line and finds the hours in them to be appropriate. Spending less than two full billable workdays on factual and legal research, drafting a complaint, settlement negotiations, and filing for and obtaining a default judgment is eminently reasonable. The case, in light of its nature, complexity, and required tasks, was also appropriately staffed. It was handled by reasonably seasoned attorneys—neither novices who required on-the-job training nor old hands whose involvement would have been overkill.

Applying the lodestar, then, generates $4,104.45 in attorney's fees, plus a $400 filing fee, yielding a total amount of $4,504.45 in fees and costs. Defendant's last argument is that this amount should be reduced because it exceeds the liability judgment. While district courts have discretion to reduce attorney's fees when the plaintiff achieves only "limited" success, *McDonnell v. Miller Oil Co., Inc.*, 134 F.3d 638, 641 (4th Cir. 1998), Plaintiff's success here was not limited at all; he obtained complete vindication through a default judgment. What matters is the amount of success as compared to what was sought, not the monetary amount of success as measured in the abstract. *See Randle v. H&P Capital, Inc.*, 513 F. App'x 282, 284 (4th Cir. 2013) (holding that damages of only $6,000 was nonetheless successful).

In awarding prejudgment interest on Plaintiff's breach of contract claim, Judge Conrad did not specify when that interest began to accrue. State law controls the question as to a supplemental jurisdiction claim like breach of contract; nonetheless, Virginia law leaves the accrual date to the judge's discretion. *See E.I. DuPont de Nemours & Co. v. Park*, 42 F. App'x 605, 607 (4th Cir. 2002). The U.S. Supreme Court prefers the date of filing of the lawsuit. *Kansas v. Colorado*, 543 U.S. 86, 96 (2004); *Kansas v. Colorado*, 533 U.S. 1, 15 (2001). As a result, the Court will designate the date of filing as the accrual date of prejudgment interest on

the breach of contract claim.

* * *

Plaintiff's motion for attorney's fees and costs will be granted. The Court will issue an accompanying order, as well as a final judgment.

Entered on this \_\_15th\_\_ day of December, 2017.

*/s/ Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE